NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KEVIN RICHARD KUNTZ,<br><br>Defendant - Appellant. | No. 25-2667<br><br>D.C. No.<br>2:24-cr-02-BU-DLC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted February 26, 2026
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Appellant Kevin Richard Kuntz appeals the district court's revocation of his

probation and imposition of a 24-month custodial sentence. We have jurisdiction

under 28 U.S.C. § 1291. We reverse and remand.

Because probation revocation is not part of a criminal prosecution, the Sixth

Amendment's Confrontation Clause does not directly apply. *See United States v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Hall*, 419 F.3d 980, 985–86 (9th Cir. 2005); *Morrissey v. Brewer*, 408 U.S. 471, 480–81 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973).  Instead, a probationer's confrontation rights arise from the Due Process Clause and are codified in Federal Rule of Criminal Procedure 32.1(b)(2)(C).  Rule 32.1(b)(2)(C) provides that a defendant may question adverse witnesses "unless the court determines that the interest of justice does not require the witness to appear."

In this circuit, that determination requires the district court to balance "the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it."  *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).  The balancing inquiry considers, among other things, the importance of the hearsay evidence to the court's ultimate finding, the reliability of the evidence, the defendant's ability to refute it, and the government's reasons for not producing the declarant.  *Id.* at 1170–72.  And although a district court's failure to articulate the balancing on the record is not automatically reversible, the court must nonetheless perform the required analysis.  *Id.* at 1170.

Here, the district court admitted three laboratory sweat-patch reports reflecting positive cocaine metabolite results, without requiring any form of testimony from the analysts who prepared them.  The reports were introduced through the testimony of a probation officer who could not personally speak to the veracity or methodology of the laboratory testing.  The district court also permitted

2                                                                      25-2667

the probation officer to introduce hearsay from a toxicologist and laboratory operations manager regarding interpretation of the test results. Despite repeated confrontation objections, the district court did not conduct *Comito* balancing on the record, nor did it make any finding that the interest of justice excused the analysts' absence. That omission was error.

The question is whether that error requires reversal when applying the *Comito* balancing framework de novo. *See id.* at 1170 (applying balancing on appeal where district court failed to do so). We conclude that it does.

Under the first *Comito* factor, Kuntz's interest in confrontation was very strong. The positive sweat-patch reports were central to the alleged violations, including unlawful use and possession of a controlled substance. The district court's revocation decision and sentence were driven primarily by its finding that he had used cocaine while on probation. The court expressly relied on the laboratory reports in its determination that Kuntz had resumed drug use. When such hearsay evidence is determinative of the violation, the probationer's confrontation interest is considerable. *Id.* at 1171–72.

The government contends that the reports were reliable and corroborated by contextual evidence. But even assuming the laboratory procedures were routine, reliability alone does not eliminate the need for balancing, including in situations where the evidence consists of forensic testing performed by non-testifying

analysts. *See United States v. Martin*, 984 F.2d 308, 313–14 (9th Cir. 1993).

Moreover, Kuntz requested retesting of the sweat patches; did what he could to present counterevidence, cross-examined the probation officer; and sought to probe potential alternative explanations for the positive test results. The opportunity to cross-examine the analysts, laboratory operations manager, and toxicologist would have directly borne on the weight and credibility of the only direct scientific evidence establishing cocaine use.

Most significantly, the government failed to establish any good cause for denying confrontation. It offered no evidence that the analysts were unavailable, that production would have been unduly burdensome, or that there were security or safety concerns. Instead, the government effectively relied on the routine nature of the reports and on general convenience concerns given that the analysts were out-of-state. But *Comito* requires more here, as the government must make a showing of "good cause for not producing the witnesses." 177 F.3d at 1170.

At oral argument, the government conceded that it did not raise *any* specific good-cause justification in the district court. And, on the record, the government's showing of good cause is virtually nonexistent. When the hearsay evidence is central and the government fails to articulate a meaningful reason for the declarant's absence, the balance tips decisively in favor of the defendant. *See id.* at 1171–72; *see also Martin*, 984 F.2d at 312–14. Such is the case here.

The district court's heavy reliance on the laboratory reports and its own experience with similar tests underscores the defendant's confrontation interest. The district court referenced the reports repeatedly in explaining its findings, and it also cited its own experience with prior cases involving sweat patches as support for their reliability. But *Comito* balancing must be case-specific, and a court's general familiarity with similar evidence cannot substitute for the required inquiry into *this* defendant's confrontation interest with respect to *these* challenged laboratory tests, especially with the absence of a good cause finding. *See Martin*, 984 F.2d at 313–14.

Because the government failed to demonstrate good cause and the sweat-patch reports were central to the revocation decision, admission of the reports without affording any form of direct confrontation violated Kuntz's due process rights under Rule 32.1(b)(2)(C) and *Comito*. On this record, the error was not harmless. *Cf. Hall*, 419 F.3d at 987 n.5 ("[G]iven that the domestic violence allegation was proven by nonhearsay evidence, even if the hearsay evidence should not have been admitted, any error was harmless as to this allegation.").

Accordingly, we reverse the district court's judgment revoking probation and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**

25-2667